```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TENNESSEE
                             WESTERN DIVISION
```

| | |
|---|---|
| SUZANNE C. CLARKE and CONISE P. DILLARD, )<br>)<br>    Plaintiffs,                       )<br>)<br>v.                                      )<br>)<br>BAPTIST MEMORIAL HEALTHCARE             )<br>CORPORATION & METHODIST                 )<br>HEALTHCARE,                             )<br>)<br>    Defendants.                          ) | No. 06-2377 |

**ORDER GRANTING MOTION TO DISMISS SUZANNE CLARKE'S INDIVIDUAL CLAIMS
UNDER FEDERAL RULE OF CIVIL PROCEDURE 41**

Before the Court is Suzanne C. Clarke ("Clarke") and Conise P. Dillard's ("Dillard") (collectively "Plaintiffs") May 18, 2012 Motion to Dismiss Clarke's Individual Claims under Federal Rule of Civil Procedure 41(a)(2). (ECF No. 332.) Baptist Memorial Healthcare Corporation and Methodist Healthcare (collectively "Defendants") filed a Response on June 4, 2012. (ECF No. 335.) Plaintiffs replied on June 11, 2012. (ECF No. 337-3; see ECF No. 376.) For the following reasons, Plaintiffs' Motion is GRANTED. Clarke's individual claims are DISMISSED with prejudice.

I.   Standard of Review

Once an opposing party has responded to a complaint, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Unless otherwise stated, a Rule 41(a)(2) dismissal 'is without prejudice.'"

Noel v. Guerrero, 479 Fed. Appx. 666, 668 (6th Cir. 2012). When determining whether dismissal without prejudice is appropriate, the Court must determine if the nonmoving party "would suffer plain legal prejudice" if the dismissal were granted. Jones v. Western Reserve Transit Auth., 455 Fed. Appx. 640, 643 (6th Cir. 2012) (quoting Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 953 (6th Cir. 2009)). "District courts have broad discretion to attach conditions to voluntary dismissals under Rule 41(a)(2)." Duffy v. Ford Motor Co., 218 F.3d 623, 633 (6th Cir. 2000.) It is "'the trial judge in whom the discretion ultimately rests,'" to decide the terms of a voluntary dismissal. Rosenthal v. Bridgestone/Firestone, Inc., 217 Fed. Appx. 498, 502 (6th Cir. 2007) (quoting Kovalic v. DEC International, Inc., 855 F.2d 471, 474 (7th Cir. 1988)).

**II. Analysis**

Plaintiffs seek dismissal of Clarke's individual claims under Rule 41(a)(2). Defendants do not oppose Plaintiffs' Motion, but ask that the Court use its discretion to limit the extent to which Clarke's claims are dismissed without prejudice. (ECF No. 335.) Defendants argue that Plaintiffs' Motion requests only that Clarke be allowed to take part in any future class recovery or settlement, and therefore that her claims against them, both individually and as a possible class representative, should be dismissed with prejudice to avoid the possibility of duplicative litigation. (Id.) Plaintiffs argue that Clarke is entitled to dismissal of all of her claims without prejudice, but suggest in the alternative that the Court dismiss Clarke's individual claims with prejudice and any possible future

claims she might bring as class representative without prejudice. (ECF No. 337-3.)

Because the Court has discretion to establish the terms of a voluntary dismissal, it can attempt to accommodate the preferences of the parties. See Duffy, 218 F.3d at 633. Plaintiffs and Defendants are amenable to the dismissal of Clarke's individual claims with prejudice. Therefore, Clarke's individual claims are DISMISSED with prejudice.

Plaintiffs argue that Clarke should be allowed to retain the right to participate in any future class action as class representative despite the dismissal of her individual claims with prejudice. A person cannot serve as a class representative if she has no individual claims against the defendant. See Fed. R. Civ. P. 23(a)(3) ("Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:...(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class."). Clarke's claims as a potential class representative are necessarily DISMISSED with prejudice.

The parties agree, however, that Clarke should retain her right to participate in any future class recovery. Although Clarke surrenders the right to proceed on her own behalf, she can and should be permitted to participate in any recovery on behalf of the class.

### III. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Dismiss the individual claims of Suzanne C. Clarke is GRANTED. Clarke's individual claims are DISMISSED with prejudice. Clarke's potential

3

claims as a putative class representative are DISMISSED with prejudice.  Clarke retains her right to participate in any future class recovery.

So ordered this 15th day of January, 2013.

                                             s/ Samuel H. Mays, Jr.   
                                             SAMUEL H. MAYS, JR.
                                             UNITED STATES DISTRICT JUDGE