### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### MEMPHIS DIVISION

| | | |
|---|---|---|
| SUZANNE C. CLARKE and<br>CONISE P. DILLARD,<br>On behalf of themselves and all others<br>similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 2:06-cv-02377-MaV |
| BAPTIST MEMORIAL HEALTHCARE<br>CORPORATION; METHODIST<br>HEALTHCARE, | ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM IN SUPPORT OF
### KEITH IVY'S MOTION TO INTERVENE

## I.  INTRODUCTION

The named Plaintiffs, Suzanne Clarke and Conise Dillard, vigorously litigated this case, a proposed class action, for several years. On September 4, 2009, this Court denied the named Plaintiffs' motion to certify the Class. In late August, 2013, the remaining Plaintiff, Conise Dillard, voluntarily dismissed her claim. A final judgment was entered on August 28, 2013, After Final Judgment was entered proposed intervenor Keith Ivy learned that neither Ms. Dillard nor Ms. Clarke, the earlier dismissed named Plaintiff, planned to appeal any earlier decision in this matter. Keith Ivy, a member of the class that Ms. Clarke and Ms. Dillard sought to represent, now seeks to protect his rights—and those of the rest of the class—the only way he can: by intervening and then appealing the denial of class certification.[1]

---

[1] As required by Local Rule 7.2(a)(1)(B), Mr. Ivy's counsel sought Defendants' concurrence with this filing. *See*, Certificate of Consultation.

Both the Supreme Court and the Sixth Circuit have held that class members are entitled to intervene to appeal a denial of class certification after a final judgment has been entered against the named class representatives. *United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977); *Triax Co. v. TRW, Inc.*, 724 F.2d 1224 (6th Cir. 1984). This Court should protect the interests of the class and grant Ivy's motion for intervention.

## II.  BACKGROUND

**A.     The named Plaintiffs initiated a proposed class action and vigorously litigated the case.**

The two Plaintiffs named in the Complaint, Suzanne C. Clarke and Conise P. Dillard, alleged that Defendants—owners and operators of hospitals in the Memphis area—were violating the Sherman Act by conspiring to depress nurses' wages and labor-market competition, or, alternately, by conspiring to exchange nurse pay information with the effect of suppressing nurse compensation. Class Action Compl. ¶¶ 34-49 (ECF Doc. 1-1). They asserted their antitrust claims on behalf of a class of nurse employees of the Defendant hospitals. *Id.* ¶ 12.

Plaintiffs Clarke and Dillard, as proposed class representatives, successfully opposed Defendants' motion to dismiss, *see* Order Denying Defs.' Mot. to Dismiss (ECF Doc. 96), and engaged in extensive and contentious discovery, as evidenced by motions to compel and other filings. *See, e.g.,* Defs.' Mot. to Compel (ECF Doc. 140); Pls.' Mot. to Compel (ECF Doc. 152); Stip. Agreement Regarding Mots. to Quash Subpoenas (ECF Doc. 180). On October 22, 2008, Plaintiffs Clarke and Dillard moved to certify a proposed class of: "All persons employed by any defendant or co-conspirator to work in a hospital in the Memphis [Metropolitan Statistical Area] as [a registered nurse] at any time from June 20, 2002 until the present.".(ECF Doc. 190). After

extensive briefing, the motion was denied. Order Denying Pls.' Mot. for Class Certification (ECF Doc. 235).

**B.      Even after the Court denied the Plaintiffs' motion for class certification, Plaintiff Conise Dillard continued to plow ahead with this case—up until August, when she voluntarily dismissed her claims with prejudice.**

Despite the order denying class certification, Plaintiff Dillard continued to pursue her claims.[2] Discovery continued to be contentious. *See* Order on Pl.'s Mot. to Compel (ECF Doc. 356). After Dillard declined to mediate the case, Defendants moved to compel mediation—a motion that was granted earlier this year. Order Granting Mot. for Order to Direct Pl. to Mediate (ECF Doc. 381). Then, on August 26, the parties filed a Joint Stipulation of Dismissal (ECF Doc. 389) under which all of Dillard's claims were voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Judgment (ECF Doc. 391) was entered two days later on August 28.

**C.      Ivy is moving to intervene in order to appeal the denial of class certification—the only way to prevent absent class members' claims from being extinguished.**

If Dillard had not voluntarily dismissed her claims with prejudice, the Court's entry of judgment would allow her to appeal the denial of class certification. *See McDonald*, 432 U.S. at 393 ("The District Court's refusal to certify was subject to appellate review after final judgment at the behest of the named plaintiffs . . . ."). Since intervenor Ivy learned, after entry of judgment, that Ms. Dillard will not appeal, Ivy, as another member of the proposed class, seeks to assume that responsibility. *See* Compl.-in-Intervention ¶ 37. Ivy has filed his Complaint-in-Intervention, as well as this Motion to Intervene, as soon as was practicable after final judgment was entered. *Id.* ¶ 38.

---

[2] Plaintiff Clarke's individual claims were voluntarily dismissed. *Compare* Mot. to Dismiss (ECF Doc. 332) (moving to dismiss without prejudice), *with* Order Granting Mot. to Dismiss (ECF Doc. 380) (dismissing Clarke's individual claims with prejudice).

Ivy seeks to assume that responsibility because, if the denial of class certification is not challenged, the class's claims will be extinguished. If a member of the class filed a new action, it would very likely be time-barred. *See* 15 U.S.C. § 15b (claims under the Sherman Act "shall be forever barred unless commenced within four years after the cause of action accrued"). If Ivy intervenes and successfully challenges the denial of class certification, however, the class's claims will be revived and may be litigated. *See McDonald*, 432 U.S. at 393-95. Intervention is the only way the rights of absent class members can be protected

### III.  ARGUMENT

Ivy moves to intervene under Rule 24(a) and (b). He easily meets the criteria for intervention under either subsection of Rule 24.

**A.      Ivy may intervene as a matter of right under Rule 24(a).**

Rule 24(a) allows a nonparty to intervene in an action as a matter of right. *See* Fed. R. Civ. P. 24(a). Under Rule 24(a)(2), Ivy may intervene as a matter of right as long as (1) his motion is timely; (2) he has a "substantial, legal interest in the subject matter" of this action; (3) his ability to protect that interest is impaired; and (4) the present parties do not adequately represent his interest. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Because he seeks to intervene to appeal a class certification ruling that—if unchallenged—would extinguish his and the rest of the class's claims, Ivy satisfies all of these requirements.

> *1.      Ivy's motion is timely as a matter of law.*
>
> > a.      Ivy's motion is timely under the Supreme Court's decision in *McDonald*.

The first public indication that could possibly have triggered any suggestion that Plaintiff Dillard would not appeal the Court's denial of class certification came on August 26, 2013, when she voluntarily moved for dismissal of her claims. (ECF Doc. 389). Final judgment was entered

on August 28, 2013. Only after that date did intervenor Ivy learn that Ms. Dillard did not intend to pursue any appeal. Compl.-in-Intervention ¶ 6.  Ivy is moving to intervene as soon as was practicable after final judgment, with the intent to appeal the earlier denial of class certification. The Supreme Court has held that, under these circumstances, Ivy's motion to intervene is timely as a matter of law.

In *United Airlines, Inc. v. McDonald*, female flight attendants had filed suit against their employer, seeking class certification, which was eventually denied. 432 U.S. at 388. The plaintiffs nevertheless continued prosecuting the case as a joint suit. *Id.* at 389. After the district court determined that the plaintiffs were entitled to backpay, the parties entered into a settlement and the case was dismissed. *Id.* Eighteen days after judgment was entered, a member of the class that McDonald and the other named plaintiffs had sought to represent sought to intervene in order to appeal the earlier denial of class certification. *Id.* at 390. The motion for intervention was denied as untimely. *Id.* The Court of Appeals for the Seventh Circuit reversed. *Id.*

The Supreme Court, affirming the decision of the Court of Appeals, deemed the motion to be timely as a matter of law. The motion was filed within "the time limitation for lodging an appeal prescribed by Fed. Rule App. Proc. 4(a)." *Id.* at 392. Moreover, the motion had been filed as soon as final judgment was entered and "it became clear . . . that the interests of the unnamed class members would no longer be protected by the named class representatives." *Id.* at 394. Nothing had earlier suggested that the named plaintiffs would not take an appeal and challenge the class certification decision once a final judgment was entered. *Id.* Finally, United could "hardly contend" that intervention "unfairly prejudiced" it, since the filing of the original complaint had put it on notice of classwide liability. *Id.* at 394-95. As courts have recognized, the *McDonald* Court held that "so long as the motion to intervene is filed within the time within

- 5 -

which the named plaintiffs could have taken an appeal, the motion is timely as a matter of law." *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997); *accord Roe v. Town of Highland*, 909 F.2d 1097, 1099 (7th Cir. 1990) (recognizing that under *McDonald*, putative class members can "wait until it is clear that the class representative is not planning to appeal the denial of class certification").

     *McDonald* squarely controls here. This motion is being filed within the 30-day period for filing a notice of appeal from the Court's final judgment. *See* Fed. R. App. P. 4(a)(1)(A). It is being filed equally timely as the motion in *McDonald* was filed—whereas the motion in *McDonald* was filed 18 days after final judgment, this motion is being filed 19 days after final judgment. Moreover, before August 26, 2013—the day that Plaintiff Dillard filed a motion for voluntary dismissal—there was no indication that Dillard would not appeal the denial of class certification. Under *McDonald*, this motion is timely as a matter of law.

            b.    Ivy's motion is also timely under the *Triax* time factors.

     While the Sixth Circuit normally applies a multifactor standard to determine whether a motion to intervene is timely, *McDonald* necessarily displaces that standard in cases where, as here, its holding squarely controls. *See Jordon v. Gilligan*, 500 F.2d 701, 707 (6th Cir. 1974) (noting that Supreme Court decisions "are binding on all courts").

     But even if *McDonald* did not displace the multifactor standard for timeliness, Ivy's motion would still be timely. That standard, sometimes called the "*Triax* time factors,"[3] considers (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties

---

[3] *See Linton ex rel. Arnold v. Comm'r of Health & Environment*, 973 F.2d 1311, 1318 (6th Cir. 1992).

due the proposed intervenor's failure to move promptly for intervention after he learned or should have learned of his interest; and (5) the existence of unusual circumstances militating for or against intervention. *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984) (citing *Mich. Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)).

In *Triax*, a patent assignee, Triax, sued alleged infringers. The defendants' motion for summary judgment was granted, but Triax decided not to appeal. The patent inventor and assignor, a Jerome H. Lemelson, then moved to intervene in order to appeal. The Sixth Circuit held the motion for intervention to be timely. As the Sixth Circuit's decision in *Triax* shows, Ivy's motion is timely.

1. *The point to which the suit has progressed.* The Sixth Circuit noted that although the *Triax* litigation had progressed to final judgment, Lemelson "had no reason to seek intervention prior to the decision of Triax not to appeal." *Id.* at 1228. The admittedly "protracted history" of the litigation did "not outweigh Lemelson's interest in seeking appellate court review of the finding that his patents are invalid." *Id.*

The same reasoning applies here, but with even more force. In this case, after all, it is not merely one person's rights that are at stake, but the rights of both Ivy and the rest of the putative class. Without Ivy's intervention, that class's rights will be extinguished. The fact that this litigation had progressed to final judgment and has a fairly long history cannot "outweigh [the class's] interest in seeking appellate court review" of the class certification decision. *Id.*

2. *The purpose for which intervention is sought.* Lemelson, the Sixth Circuit noted, sought intervention "solely for the purpose of prosecuting an appeal from the district court." *Id.* That intervention was made appropriate by Triax's decision *not* to appeal. The same goes here: Plaintiff Dillard's decision not to appeal makes Ivy's intervention "for the purpose of prosecuting

an appeal" appropriate. *Id.*

3. *Length of time when intervenor should have known of his interest.* While "Lemelson knew of his interest in the litigation for some time," the Sixth Circuit said, "he had no reason to seek intervention prior to the decision of Triax not to appeal." *Id.* Like Lemelson, even if Ivy had known of this litigation "for some time," it was only Dillard's decision not to appeal that gave him a reason to intervene; before then, he "had no reason to seek intervention." *Id.*; *accord McDonald*, 432 U.S. at 394 n.15 ("A rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose. Intervention at that time would only have made the respondent a superfluous spectator in the litigation for nearly three years, for the denial of class certification was not appealable until after final judgment . . . .."). Neither Lemelson nor Ivy unduly delayed an intervention.

4. *Prejudice to original parties.* In *Triax*, the alleged infringers' interest was "not . . . prejudiced substantially by granting Lemelson intervention for purposes of appeal," since they "reasonably could have expected Triax to appeal the decision of the district court." *Triax*, 724 F.2d at 1228. Similarly here, Defendants' interests will not be prejudiced substantially, since they reasonably could have expected Plaintiff Dillard to appeal this Court's certification decision. *See McDonald*, 432 U.S. at 394-95 ("United can hardly contend that its ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by one of their own, rather than by one of the original named plaintiffs. . . . United was put on notice by the filing of the [original] complaint of the possibility of classwide liability . . . .").

5. *Existence of unusual circumstances.* Compared to *Triax*, the striking thing about this

- 8 -

case is that without Ivy's appeal, the rights of not merely one party, but of thousands of potential

class members, will be lost. As Ivy has noted, if the judgment becomes final, the class claims

will likely become time-barred. *See supra* p. 3. If, however, Ivy succeeds in his appeal, the

claims will be revived and the class's rights capable of vindication. These "unusual

circumstances militat[e] . . . in favor of intervention." *Triax*, 724 F.2d at 1228.

       **2.**       ***Ivy has a substantial, legal interest in the subject matter of this action.***

       Ivy has several substantial, legal interests in the subject matter of this action. Ivy was the

victim of the same conspiracy to artificially depress wages as the original named Plaintiffs. His

pecuniary and statutory interest in seeking recompense for that conspiracy is more than enough

to qualify as a substantial, legal interest under Rule 24(a). *See Linton ex rel. Arnold v. Comm'r of*

*Health & Environment*, 973 F.2d 1311, 1319 (6th Cir. 1992) ("statutory" and "economic"

interests qualified as significant, legal interests under Rule 24(a)); *Foster v. Gueory*, 655 F.2d

1319, 1324-25 (D.C. Cir. 1981) (holding that the movants had an interest sufficient to justify

intervention under Rule 24(a) because they had "suffered injury from the same or very similar

wrongful acts as those complained of by the original plaintiffs, and [their] claims for relief are

founded on the same statutory rights as are the claims of the plaintiffs").

       **3.**       ***Absent intervention, Ivy's ability to protect his interest will be impaired.***

       If Ivy is not allowed to intervene, his ability to protect both his and the proposed class's

interests will be impaired—indeed, those interests will likely be extinguished. If the Court's

judgment becomes final, the claims that the complaint asserted and that the named Plaintiffs

attempted to certify will likely be time-barred. *See supra* p. 3. Assertion of those claims may be

forever barred. Only by intervening and appealing will Ivy prevent the impairment of his own

and the proposed class's rights. *See Triax*, 724 F.2d at 1227 (holding that Lemelson's interest

would be impaired because further litigation of the patent's validity would be foreclosed if he

was not allowed to intervene).

### 4.    *The parties already in this litigation cannot adequately protect Ivy's interest.*

In *Triax*, the Sixth Circuit held that the patent assignee Triax, which had decided not to

appeal the district court's judgment against that patent, did not adequately represent the interests

of Lemelson, the original patentholder. While "Lemelson's and Triax's interests were in accord

prior to the granting of defendants' motion for summary judgment," those interests diverged

thereafter because "Lemelson wanted to appeal but Triax elected not to do so." *Id.* at 1228. "[A]s

of the time Triax decided not to appeal," the court held, "its representation of Lemelson's interest

became inadequate." *Id.*

Here, likewise, the interests of Dillard and Ivy were in accord before Dillard decided to

dismiss her claims voluntarily. Before that point, Dillard was prosecuting her case vigorously,

thus giving every indication that she would appeal the class certification decision once a final

judgment was entered. Now that Dillard has voluntarily dismissed her case and will not appeal,

she can no longer adequately represent Ivy's interests in seeing his own claims vindicated. *See*

*id.* Under *Triax*, Dillard cannot adequately represent Ivy's interests, and Ivy is entitled to

intervene under Rule 24(a)(2).

## B.    **Ivy may intervene permissively under Rule 24(b).**

Under Rule 24(b), this Court may permit Ivy to intervene if he "has a claim or defense

that shares with the main action a common question of law or fact," as long as his intervention

will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P.

24(b)(1)(B), (b)(3). Ivy easily satisfies these conditions.

First, Ivy has asserted the same claims as the original Plaintiffs, arising out of the same

facts. *See* Compl.-in-Intervention ¶¶ 22-32, 39-54.

Second, under *McDonald*, Ivy's intervention, as a matter of law, will not unduly delay or prejudice Defendants. There is no undue delay, since it was only after Plaintiff Dillard filed her motion for voluntary dismissal that Ivy learned that he must intervene to protect his interests. *See McDonald*, 432 U.S. at 394 ("[A]s soon as it became clear . . . that the interests of the unnamed class members would no longer be protected by the named class representatives, she prompted moved to intervene to protect those interests."). Nor is there undue prejudice to Defendants. Defendants "can hardly contend that [their] ability to litigate the issue was unfairly prejudiced simply because an appeal on behalf of putative class members was brought by" an absent class member "rather than by one of the original named plaintiffs," since Defendants were "put on notice by the filing of the [original] complaint of the possibility of classwide liability." *Id.* at 394-95.[4]

## IV.  CONCLUSION

This Court should grant Ivy's motion to intervene under Rule 24(a)(2), or, in the alternative, under Rule 24(b)(1)(B), so that Ivy may appeal.


DATED: September 16, 2013                     Respectfully Submitted,


                                              By: /s/ Alan G. Crone
                                              Alan G. Crone
                                              CRONE & McEVOY,
                                              5583 Murray Rd., Suite 120
                                              Memphis, TN 38119
                                              Tel: (901) 737-7740
                                              Fax: (901) 737-7558

---

[4] Ivy's intervention is also timely under the *Triax* factors for the reasons given above. *See supra* pp. 6-8.

Mark A. Griffin
Raymond J. Farrow
KELLER ROHRBACK LLP
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
Tel: (206) 623-1900
Fax: (206) 623-3384

David P. Dean
Darin Dalmat
JAMES & HOFFMAN
1130 Connecticut Avenue, N.W., Suite 950
Washington, D.C. 20036
Tel: (202) 496-0500
Fax: (202) 496-0555

Daniel A. Small
COHEN MILSTEIN SELLERS
   & TOLL PLLC
1100 New York Avenue, N.W.
Suite 500 West Tower
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699

Sharon K. Robertson
COHEN MILSTEIN SELLERS
   & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212 838 7797
Fax: (212) 838-7745

**_Attorneys for Appellant_**

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing pleading was filed electronically and notice of such filing was made electronically to Defendants' counsel pursuant to the Electronic Case Filing Rules of the United States District Court for the Western District of Tennessee Western Division on September 16, 2013.


      Stephen J. Squeri
      Jones Day
      901 Lakeside Avenue
      Cleveland, OH  44114
      Telephone: 216-586-7237
      Facsimile: 216-579-0212
      Email: sjsqueri@jonesday.com
      *Attorney for Defendant Baptist Memorial*
      *Healthcare Corporation*

      Corey W. Roush
      Robert F. Leibenluft
      Benjamin F. Holt
      Hogan Lovells US, LLP
      555 Thirteenth Street, NW
      Washington, DC  20004
      Telephone: 202-637-5600
      Facsimile:  202-637-5910
      Email: corey.roush@hoganlovells.com
      *Attorneys for Defendant Methodist Le Bonheur*
      *Healthcare Corporation*


      s/ Alan G. Crone