IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| Suzanne C. Clarke and Conise P. Dillard, On behalf of themselves and all others similarly situated, | ) ) ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 06-2377 |
| | ) |
| Baptist Memorial Healthcare Corporation; Methodist Healthcare, | ) ) ) |
| Defendants. | ) |

**ORDER**

The Court entered judgment in this matter on August 28, 2013. (Judgment, ECF No. 391.) Before the Court is Intervenor Elizabeth Mason's ("Mason") Motion to Intervene. (Mot. to Intervene, ECF No. 403.) Mason seeks to intervene to appeal the denial of class certification. (Memo. Support. Mot. to Intervene at 1, ECF No. 403-1.) Defendants Baptist Memorial Healthcare Corporation ("Baptist") and Methodist Healthcare ("Methodist") (collectively, the "Defendants") responded on October 11, 2013. (Resp., ECF No. 412.) The Court asked Defendants to further brief their argument about the timeliness of Mason's Motion to Intervene on March 21, 2014. (Order, ECF No. 419.) Defendants responded to that request on April 10,

2014. (Supp. Brief, ECF No. 422.) On April 15, 2014, the Court granted Mason's Motion for Leave to File a Ten Page Reply to Defendants' response. (Reply Order, ECF No. 424.) Mason filed her reply on April 22, 2014. (Reply, ECF No. 425.) On May 5, 2014, the Court granted Defendants' Motion for Leave to File Sur-Reply and denied Defendants' request for a hearing on Mason's Motion to Intervene. (Sur-Reply Order, ECF No. 428.)

For the following reasons, the Court DENIES Mason's Motion to Intervene.

**I.   Background**

Plaintiffs Suzanne C. Clarke ("Clarke") and Conise P. Dillard ("Dillard") (collectively, the "Named Plaintiffs") filed this case on June 20, 2006. Defendants are the two largest providers of medical care in the Memphis Metropolitan Statistical Area ("Memphis area"), which consists of the counties of Shelby, Fayette, and Tipton in Tennessee, and neighboring suburbs in Arkansas and Mississippi. (Compl. ¶¶ 1, 23, ECF No. 1.) Clarke is a Registered Nurse ("RN") who worked at hospitals operated by Methodist Healthcare from 1979 until 2006. (Id. ¶ 7.) Dillard worked as an RN at Memphis' Baptist Memorial Hospital from 1998 until 2004 and again from 2005 until March 2006. (Id. ¶ 8.)

Named Plaintiffs allege that, beginning in June 2002, Defendants illegally conspired to depress the wages paid to RNs

in Memphis-area hospitals in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. (Id. ¶ 26.) As part of the alleged conspiracy, Plaintiffs assert that Defendants, along with other Memphis-area hospitals who are named as coconspirators, but not as defendants, 1) agreed to and did regularly exchange detailed and non-public data about the compensation each is paying or will pay to its RN employees; (2) agreed not to compete, and did not compete, with each other in the setting of RNs' compensation; (3) paid all RNs at the same or nearly the same rate; and (4) jointly recruited RNs at job fairs and elsewhere to avoid competition in their efforts to attract new RNs to their respective hospitals. (Id. ¶ 27.) Defendants allegedly are able to succeed in this conspiracy because they employ approximately 68% of the more than 6,000 full-time-equivalent hospital RNs in the Memphis area. (Id. ¶¶ 24-25.)

Named Plaintiffs filed this action on behalf of themselves and a purported class composed of "[a]ll persons employed by any defendant or co-conspirator to work in a hospital in the Memphis [area] as an RN at any time from June 20, 2002 until the present." (Id. ¶ 12.) Even as they filed the complaint, however, Named Plaintiffs' counsel were aware of a potential conflict that would hinder Clarke's efforts to serve as a representative of the proposed class. (Bachelder Memo. Supp. Mot. Intervene at 1, ECF No. 239-1.) Clarke had worked for the

3

Nurse Alliance, an advocacy group affiliated with the Service Employees International Union ("SEIU"). Clarke declared that she would resist any monetary settlement in this case if it did not also reduce the nurse-to-patient ratio in Memphis-area hospitals, a primary goal of the Nurse Alliance and the SEIU. (Clarke Dep. at 254-55, 264-65, ECF No. )

Despite this hurdle, Named Plaintiffs' counsel were unconcerned because Co-Plaintiff Dillard remained a viable candidate to serve as a potential class representative. (Bachelder Memo. Supp. Mot. Int. at 1.) That changed when counsel learned in August 2007 that Dillard had filed for bankruptcy protection. (Memo. Supp. Mot. Amend Sched. Order and Compl. at 3, ECF No. 153.) The deadline to add parties was August 28, 2007. (Supp. Sched. Order at 1, ECF No. 139.) Named Plaintiffs waited until November 9, 2007, to inform Defendants of their intention to seek permission to add Anne Bachelder ("Bachelder") as an additional plaintiff. (Memo. Supp. Mot. Amend Sched. Order and Compl. at 3, ECF No. 153.) Plaintiffs did not file their Motion to Amend the Scheduling Order and Complaint until January 4, 2008, almost five months after first learning of Dillard's bankruptcy filing. (Mot. Amend Sched. Order and Compl.)

Magistrate Judge Diane K. Vescovo denied Named Plaintiffs' motion as untimely on February 13, 2008. (Order, ECF No. 172.)

Following the denial of their Motion to Amend the Scheduling Order and Complaint, Named Plaintiffs proceeded to file and litigate their Motion for Class Certification and Appointment of Counsel. The Court denied Named Plaintiffs' certification motion on September 4, 2009, finding that Clarke and Dillard were not adequate class representatives because of their class conflicts and bankruptcy proceedings, respectively. (Cert. Order at 13-16, ECF No. 235.)

The Named Plaintiffs did not appeal the Court's denial of class certification. Named Plaintiffs filed a Motion to Intervene seeking to allow Bachelder to join the suit as a named plaintiff and proposed class representative. The Court denied the motion as untimely. (Bachelder Intervention Order at 19, ECF No. 309.) Bachelder appealed that decision on January 27, 2013. (Not. Appeal, ECF No. 310.) The Sixth Circuit affirmed the Court's decision on June 29, 2011. Clarke v. Baptist Mem'l Healthcare Corp., 427 F. App'x 431, 437 (6th Cir. 2011).

On May 18, 2012, Clarke filed a motion to voluntarily dismiss her claim. (Clarke Mot. Dismiss, ECF No. 332.) The Court granted Clarke's Motion to Dismiss on January 15, 2013. (Order, ECF No. 380.) On August 26, 2013, Dillard and Defendants filed a Joint Stipulation of Dismissal for Dillard's claims against Defendants. (Stip. Dismissal, ECF No. 389.) The Court dismissed Dillard's claims on August 28, 2013. (Order of

Dismissal, ECF No. 390.)   The Court entered final judgment on August 28, 2013.

Mason filed her Motion to Intervene on September 24, 2013. Mason filed a Notice of Appeal on September 27, 2013.   (Not. Appeal, ECF No. 407.)   Mason's Notice of Appeal divested the Court of jurisdiction to address her Motion to Intervene. (Order at 2, ECF No. 414.)   The Court denied Mason's Motion to Intervene for lack of jurisdiction on October 16, 2013.   (Id.) The Sixth Circuit remanded this case to the Court to consider Mason's Motion to Intervene on February 6, 2014.   (Order of USCA at 4, ECF No. 417.)

Defendants argue that Mason's motion is untimely.   (Opp. Mason Mot. Int. at 2-3, ECF NO. 409.)   Mason argues that her motion is timely as a matter of law under United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977), because she filed her motion within the thirty-day period for filing a notice of appeal under Rule 4(a).   (Memo. Supp. Mason Mot. Int. at 5-7, ECF No. 403-1.)

## II.  Standard of Review

Federal Rule of Civil Procedure 24 allows interested parties to intervene in a civil suit either as of right or permissively.  A party may intervene as of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede his ability to

protect his interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The Sixth Circuit has established a four-factor test to determine when intervention of right under Rule 24(a) is appropriate: 1) the application must be timely; 2) the applicant's legal interest in the case must be substantial; 3) absent intervention, the applicant's ability to protect her interest will be impaired; and 4) the parties already before the court cannot adequately represent the applicant's interests. Stupak-Thrall v. Glickman, 226 F.3d 467, 471 (6th Cir. 2000). Where a proposed intervenor fails to meet each of the four criteria, a court must deny the motion to intervene as of right. Id.; Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir. 1989).

The standard required relaxes somewhat when a party seeks to intervene permissively under Rule 24(b). Stupak-Thrall, 226 F.3d at 472. Rule 24(b) provides that a court, in its discretion, may allow intervention where a party "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(2). Permissive intervention remains inappropriate where it will cause "undu[e] delay or prejudice." Fed. R. Civ. P. 24(b)(3).

Whether intervention is sought as of right or by permission of the court, a motion under Rule 24 must be timely. NAACP v. New York, 413 U.S. 345, 365 (1973). "Timeliness is to be

determined from all the circumstances." Id. at 366. A putative class member may file a post-judgment motion to intervene in the district court for purposes of challenging a district court's denial of class certification when the named plaintiffs do not intend to file such an appeal. See United Airlines, 432 U.S. at 392-96. "The critical fact here is . . . as soon as it became clear to the [proposed intervenor] that the interests of the unnamed class members would no longer be protected by the named class representatives, [the proposed intervenor] promptly moved to intervene to protect those interests." Id. at 394. The Sixth Circuit has held that this language applies a "reasonably should have known of one's interest in the case" standard. Clarke, 427 F. App'x at 435.

In the Sixth Circuit, five factors govern a court's determination of whether the proposed intervenor timely filed her motion:

> (1) the point to which the suit ha[s] progressed; (2) the purpose for which intervention is sought;(3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of h[er] interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after [s]he knew or reasonably should have known of h[er] interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Triax Co. v. TRW, Inc., 724 F.2d 1224, 1228 (6th Cir. 1984) (citing Michigan Ass'n for Retarded Citizens v. Smith, 657 F.2d

102, 105 (6th Cir. 1981)).   A court must consider whether a motion is timely in relation to the procedural posture of the case at issue.   "The absolute measure of time between the filing of the complaint and the motion to intervene is one of the least important" factors.   Stupak-Thrall, 226 F.3d at 475 (citation omitted).

### III. Analysis

#### A.  United States v. McDonald

Mason's intervention is not per se timely under McDonald. Unlike the Ninth Circuit in Alaska v. Suburban Propane Gas Corp., 123 F.3d 1317 (9th Cir. 1997), the Sixth Circuit has not held that McDonald creates a per se rule that a putative class member who intervenes after final judgment is timely if she intervenes within the time for filing an appeal.   The Sixth Circuit stated in Clarke that the McDonald holding did not change the rule that a proposed intervenor must intervene when she "reasonably should have known of [her] interest in the case." Clarke, 427 F. App'x at 435.   The Fifth Circuit has cited McDonald as support for that standard.   Stallworth v. Monsanto Co., 558 F.2d 257, 264 (5th Cir. 1977).

Mason ignores a key difference between this case and McDonald.   In McDonald, the named plaintiffs attempted to file an interlocutory appeal from the order denying class certification.   McDonald, 432 U.S. at 393-94.   The named

9

plaintiffs' attempted interlocutory appeal was sufficient for the proposed intervenor to rely on the named plaintiffs to protect the rights of the class.  The Supreme Court opined that, because of the attempted interlocutory appeal, "there was no reason for the [proposed intervenor] to suppose that [the named plaintiffs] would not later take an appeal until she was advised to the contrary after the trial court had entered final judgment."  Id. at 394.  "That is a significant qualification . . . ."  Larson v. JPMorgan Chase & Co., 530 F.3d 578, 582 (7th Cir. 2008); see also Jones v. Caddo Parish School Bd., 735, F.2d 923, 934 (5th Cir. 1984) (quoting McDonald, 432 U.S. at 394.); Garrity v. Gallen, 697 F.2d 452, 458 (1st Cir. 1983) ("[The McDonald] intervenor had every right to rely on the actual class members to represent her interests until final judgment."); Associated Builders and Contractors, Inc. v. Herman, 166 F.3d 1248, 1257 (D.C. Cir. 1999) ("In United Airlines, the would-be intervenor found out only after final judgment that the plaintiffs did not plan to appeal the denial of class certification.").  Here, Named Plaintiffs did not seek an interlocutory appeal.

There is a further significant difference between this case and McDonald.  At the time of McDonald, Rule 23(f) required a district court to certify a denial of class certification for appeal.  Fed. R. Civ. Pro. 23(f) advisory committee's note.  "In

10

the Seventh Circuit, a denial of class certification [was] an interlocutory order not reviewable as of right until after entry of final judgment." McDonald, 432 U.S. at 388 n.4. The Supreme Court held that this was significant in addressing the timeliness of the proposed intervention:

> A rule requiring putative class members who seek only to appeal from an order denying class certification to move to intervene shortly after entry of that order would serve no purpose. Intervention at that time would only have made the [proposed intervenor] a superfluous spectator in the litigation for nearly three years, for the denial of the class certification was not appealable until after final judgment.

Id. at 394 n.15.

The version of Rule 23(f) in effect at the time of McDonald is significant for two reasons. First, the named plaintiffs in McDonald had to ask the district court to certify their appeal of the denial of class certification. Second, the opportunity to appeal that denial was unavailable without a certification from the district court. For both of those reasons, the proposed intervenor in McDonald was timely because "[t]he critical fact here is that once the entry of final judgment made the adverse class determination appealable, the respondent quickly sought to enter the litigation." Id. at 395.

Mason's reliance on McDonald is not well taken. The circumstances of Mason's proposed intervention are markedly different. The Named Plaintiffs in this case could have

11

appealed the denial of class certification, but did not.  That
alone should have put Mason on notice that the Named Plaintiffs
were not protecting the interests of the unnamed class members.
Rule 23(f) was amended in 1998 to allow permissive interlocutory
appeal from an order denying class certification.  Fed. R. Civ.
Pro. 23(f).  Mason could have sought to intervene after the
denial of class certification in 2009 and to appeal that order.
Garrity, 697 F.2d at 458; see also In re Fine Paper Antitrust
Litig.,695 F.2d 494, 501 (3d Cir. 1982) ("Appellants would not
have been 'superfluous spectators' but active participants").

**B.  Triax Factors**

Under the Triax factors, Mason's motion is untimely.
Factors one, three, four, and five weigh in favor of a finding
of untimeliness.  Factor two weighs in favor of a finding of
timeliness, but does not outweigh the other factors.

**1. The Point to Which the Suit Has Progressed**

Mason argues that since the Court denied class
certification "nothing of substance has happened relating to the
merits of this litigation . . . ."  (Reply at 9.)  That
statement is incorrect.  Between the denial of class
certification and the entry of final judgment, several
significant litigation events have occurred.  The Court denied
the motion for class certification on September 4, 2009.  (Cert.
Order at 13-16, ECF No. 235.)  The Named Plaintiffs did not

12

appeal that Order. Bachelder attempted to intervene on September 18, 2009. (Bachelder Mot. Intervene, ECF No. 239.) That motion was denied on December 30, 2009. (Bachelder Order, ECF No. 309.) Bachelder appealed the denial of her motion to intervene on January 27, 2010. (Bachelder Not. Appeal, ECF No. 310.) The Sixth Circuit affirmed the Court's denial of Bachelder's motion on June 29, 2011. (Order of USCA, ECF No. 318.) On April 2, 2012, the Court ordered Dillard and the Defendants to participate in mediation. (4/2/12 Stats Conf., ECF No. 325.) On May 1, 2012, the Defendants filed a motion to compel mediation. (Mot. Compel, ECF No. 326.) Clarke filed a motion to dismiss her individual claim on May 18, 2012. (Clarke Mot. Dismiss, ECF No. 332.) The Court dismissed Clarke's individual claim with prejudice on January 15, 2013. (Clarke Dismiss. Order, ECF No. 380.) The Court granted the Defendants' motion to compel mediation on January 15, 2013. (Compel Order, ECF No. 381.) On June 7, 2013, the parties notified the Court that they had reached a tentative settlement. (6/7/12 Tele. Status Conf., ECF No. 386.) The parties filed a stipulation of dismissal on August 26, 2013. (Stip., ECF No. 389.) The Court dismissed Dillard's individual claims with prejudice and entered final judgment on August 28, 2013. (Dismissal Order, ECF No. 390.) This case has essentially ended. The first Triax factor weighs in favor of a finding of untimeliness.

### 2.  Mason's Purpose for Intervening in this Case

A proposed intervenor may intervene to appeal the denial of class certification.  The second <u>Triax</u> factor weighs in favor of intervention.

### 3.  Mason Reasonably Should Have Known That Her Interests Were Not Being Protected Long Before She Sought to Intervene

Mason alleges that she learned of this case for the first time after the Court entered final judgment on August 28, 2013. (Mason Compl. ¶ 6, ECF No. 403-2.)  The applicable standard is the time the proposed intervenor "reasonably should have known" of the litigation.  <u>Triax</u>, 724 F.2d at 1228.  Mason's actual knowledge is not dispositive.

Mason reasonably should have known that the Named Plaintiffs were not protecting the interests of the proposed class no later than September 2009, when the Named Plaintiffs did not appeal the denial of class certification.  The Court's denial of class certification was publicized in the Memphis Daily News on September 23, 2009, and September 29, 2009. (Supp. Brief at 13, ECF No. 422.)  The Supreme Court in <u>NAACP v. New York</u> opined that, "The [district] court could reasonably have concluded that appellants knew or should have known of the pendency of the [] action because of an informative February article in the New York Times discussing the [] suit . . . ." 413 U.S. at 366.  Beginning on June 23, 2006, there was news

coverage at many stages of the litigation in this case. (Supp. Brief at 13.) The public docket entries also put Mason on notice of the Court's denial of class certification and the significant activity after denial. See Rogers v. U.S., 104 Fed. Cl. 142, 148 (Fed. Cl. 2012) ("[The intervenor] could have readily ascertained this action by checking federal court filings.").

Mason's counsel in this case represented Mason in another matter against Baptist. See White v. Baptist Mem'l Health Care Corp. et al., No. 2:08-cv-02478-SHM-dkv. Mason joined White on November 3, 2009. (Notice, ECF No. 61-5.) That joinder occurred shortly after the Named Plaintiffs in this case lost their right to appeal the denial of class certification. Mason should have been put on notice about the status of this case from news reports about this case. Those reports covered litigation against the same defendant she was pursuing in White.

Mason's counsel also represented the Named Plaintiffs and Bachelder in this case. Counsel has known that the Named Plaintiffs were not able to represent the interests of the class since before the denial of class certification. (Supp. Brief at 2) ("[F]our of the five law firms now representing [Mason] have been involved in this litigation for nearly eight years . . . ."); See also Rogers, 104 Fed. Cl. at 148 ("[T]his litigation was no secret in Sarasota, and a prominent real estate investor

15

and developer represented by counsel should have known about it.")

The Court's decision denying Bachelder's motion to intervene weighs in favor of a finding of untimeliness. Bachelder was a putative class member. She attempted to intervene after the Court denied class certification in this case. The Court concluded that Bachelder's motion was untimely because, at the point to which the suit had progressed, Bachelder should have known of her interest, and counsel for the Named Plaintiffs, who also represented Bachelder, knew the viability of the Named Plaintiffs was problematic, but did not make maintaining a viable class representative a "first priority." (Bachelder Intervention Order at 8-9, 13.) On appeal, the Sixth Circuit upheld the Court's ruling, citing the totality of the circumstances, including:

> the facts that Bachelder employed the same counsel as [the Named Plaintiffs], failed to gain admission as a party through amendment of the scheduling order bcauuse of a lack of diligence, and waited many months until after the close of class-certification discovery and a decision on the merits of certification before seeking to intervene.

Clarke, 47 F. App'x at 437. Mason and Bachelder are similarly situated.

The third Triax factor weighs in favor of a finding of untimeliness.

### 4. Mason's Intervention Would Prejudice Defendants

Mason argues that the Supreme Court in <u>McDonald</u> rejected the notion that a defendant could be prejudiced by an intervention to appeal a class certification decision when the named plaintiffs would have had the right to appeal had they not dismissed their claims.  (Reply at 8.)

Defendants would be prejudiced by Mason's intervention. The Supreme Court in <u>McDonald</u> states that the defendant "can hardly contend that its ability to litigate the issue was unfairly prejudiced," because "United was put on notice by the filing of the [] complaint of the possibility of classwide liability . . . ."  432 U.S. at 394-95.  However, the Supreme Court qualifies that statement when it says that "there is no reason why [the proposed intervenor's] pursuit of that claim should not be considered timely <u>under the circumstances here presented</u>."  <u>Id.</u> at 395 (emphasis added).  The Supreme Court looked at the circumstances of the proposed intervention to determine whether there was prejudice to the defendants.  The court's statements do not create a rule that defendants are never prejudiced by intervention to appeal the denial of class certification.

The circumstances of the proposed intervention in <u>McDonald</u> are very different from those in Mason's case.  <u>See</u> <u>supra</u> Section A.  Indeed, in <u>McDonald</u>, the Supreme Court characterized the settlement in that case as applying only established

principles for the computation of damages.  McDonald, 432 U.S. at 393 n.14.  The "settlement" occurred "after the District Judge had granted motions by some plaintiffs for partial summary judgment, and, there was never any question about United's liability in view of the Sprogis decision."  Id.

After class certification was denied here, the Named Plaintiffs did not appeal that decision.  Clarke's individual claims were dismissed with prejudice after the Court decided the class certification issue.  (Clarke Dismiss. Order, ECF No. 380.)  Dillard and Defendants reached a settlement of Dillard's individual claims in late 2013.  (Stip., ECF No. 389.)  They agreed to a dismissal of Dillard's claims with prejudice.  (Id.)  The Court dismissed Dillard's claims with prejudice on August 28, 2013.  Defendants' liability was never established.  The summary judgment phase was never reached.  The circumstances of Mason's intervention differ materially from those in McDonald.

Defendants have litigated this case to the end.  Further delay in resolving this case will prejudice them.  The purpose of intervention under Rule 24 is not to allow counsel to present new arguments attached to different litigants' faces until one succeeds.  Cf. NAACP, 413 U.S. at 367 (denying motion to intervene where party failed to act at the "critical stage" when it became apparent that its interest was endangered).  The

fourth <u>Triax</u> factor weighs in favor of a finding of untimeliness.

### 5. Special Considerations

Mason argues that the nature of this case, a proposed class action, is a special consideration that weighs in favor of allowing her to intervene, because "without Mrs. Mason's appeal, the rights of not merely one party, but of thousands of potential class members, will be lost." (Memo. Supp. Mot. Intervene at 10.) Although it is true that under Rule 23, "[a]ffording plaintiffs the opportunity to provide . . . substitutes is the common practice," <u>Little Caesar Enters., Inc.</u> <u>v. Smith</u>, 172 F.R.D. 236, 244 n.3 (E.D. Mich. 1997), it is also true that this Court must apply the timeliness test by looking solely at <u>this</u> particular case. See <u>Stupak-Thrall</u>, 226 F.3d at 475. Mason has cited no case where a court has allowed intervention under Rule 24, where a proposed intervenor 1) had employed the same counsel as the existing Named Plaintiffs and a previous failed intervenor; 2) should reasonably have known of her interest in the case four years before attempting to intervene; 3) did not intervene after a denial of class certification when the Named Plaintiffs did not appeal; and 4) waited to intervene until both Named Plaintiffs had agreed to dismiss their individual claims with prejudice and the Court had entered final judgment. The Court finds that, to the extent

19

this suit's status as a proposed class action constitutes a special circumstance, it favors a finding of untimeliness.

Having examined the five factors, four factors weigh in favor of finding that the intervention motion is untimely. The point to which this suit has progressed only emphasizes how late Mason's motion is. Mason should have known of her interest in this case by 2009, if not before. Allowing Mason to intervene now would cause Defendants significant prejudice. The presence of special circumstances favors finding the motion untimely. The only factor that supports a finding of timeliness is the purpose for which Mason seeks to intervene, to appeal the denial of class certification. Although that is a permissible reason to intervene, it is significantly outweighed by the other factors. Considering all of the factors, Mason's motion to intervene is untimely.

### IV. Conclusion

Because Mason's motion is untimely, intervention must be denied. NAACP, 413 U.S. at 365; see also Stupak-Thrall, 226 F.3d at 479. Mason's Motion to Intervene is DENIED.

So ordered this 9th day of July, 2014.

s/ Samuel H. Mays, Jr. _____

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE