# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 14, 2016

Mr. Pratik A. Shah
Akin Gump Strauss Hauer & Feld
1333 New Hampshire Avenue, N.W.
Washington, DC 20036

      Re: Case No. 16-5493, *Suzanne Clarke, et al v. Baptist Memorial Healthcare Co, et al*
          Originating Case No. : 2:06-cv-02377

Dear Counsel:

   The Court issued the enclosed Order today in this case.

                        Sincerely yours,

                        s/Bryant L. Crutcher
                        Case Manager
                        Direct Dial No. 513-564-7013

cc:  Ms. Laura Ann Elizabeth Bailey
     Mr. Z.W. Julius Chen
     Mr. Alan Grady Crone
     Mr. Matthew Cushing
     Mr. David P. Dean
     Mr. Raymond J. Farrow
     Mr. Benjamin B. Gould
     Mr. Thomas M. Gould
     Mr. Mark Adam Griffin
     Mr. Ryan Edward Griffin
     Ms. Kathy L. Krieger

    Mr. Brian J. Murray
    Ms. Brandy Hutton Ranjan
    Mr. Chad A. Readler
    Mr. Daniel M. Rosenthal
    Mr. Corey William Roush
    Mr. Stephen J. Squeri
    Mr. James Edward Tysse
    Mr. James D. Wilson

Enclosure

No mandate to issue

No. 16-5493

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| SUZANNE C. CLARKE; CONISE DILLARD, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>KEITH M. IVY; ELIZABETH MASON,<br><br>    Intervenor Plaintiffs -Appellants,<br><br>v.<br><br>BAPTIST MEMORIAL HEALTHCARE CORPORATION, et al.,<br><br>    Defendants-Appellees. | **FILED**<br>Nov 14, 2016<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

Before: SUHRHEINRICH, COOK, and STRANCH, Circuit Judges.

Following a district court order granting their post-judgment motions to intervene, putative class members Keith M. Ivy and Elizabeth Mason ("the Intervenors") appeal the denial of class certification in an antitrust action alleging a conspiracy to depress the wages of registered nurses in Memphis-area hospitals. Defendants move to dismiss the appeal for lack of jurisdiction, asserting that the appeal is untimely. Intervenors respond, and Defendants reply.

A notice of appeal must be filed within thirty days of the entry of the order being appealed, subject to limited exceptions. 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A). This time limit is mandatory and jurisdictional. *Bowles v. Russell*, 551 U.S. 205, 209, 214 (2007)

(quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982)). A putative class member may file a post-judgment motion to intervene in the district court for purposes of challenging a district court's denial of class certification when the named plaintiffs do not intend to file such an appeal. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392−96 (1977). But, as we have recognized, a "post-judgment motion to intervene may not always be resolved before a notice of appeal is due." *Taylor v. KeyCorp.*, 680 F.3d 609, 616 (6th Cir. 2012). To avoid losing the right to timely appeal, we suggested two alternatives: (1) the intervenor may file an emergency motion detailing the need for a prompt ruling so that a timely appeal may be filed upon a ruling on the motion to intervene; or (2) the intervenor may seek an enlargement of time under Federal Rule of Appellate Procedure 4(a)(5) in which to file an appeal, thus giving the district court sufficient time to rule on the motion to intervene before the time to appeal expires. *Id.* (citing with approval *Roe v. Town of Highland*, 909 F.2d 1097, 1099−1100 (7th Cir. 1990)). Should the enlarged time expire, the intervenor should file a timely appeal, and we may remand for the purpose of ruling on that motion. *Roe*, 909 F.2d at 1100. Upon the granting of the motion to intervene, the intervenors become parties to the action below. *Devlin v. Scardelletti*, 536 U.S. 1, 7 (2002).

Thus, it is settled that we have jurisdiction to review the denial of class certification once intervention is granted when a putative class member files a timely-post judgment motion to intervene and a timely appeal from the judgment. The Intervenors did timely appeal the judgment and timely move to intervene. What has created the procedural tangle here is that the Intervenors voluntarily dismissed that appeal and then, following the grant of their motions to intervene, filed an appeal from the grant of that motion and the underlying judgment, which incorporated the order denying class certification.

Unfortunately for the Intervenors, their timely appeal from the order granting intervention does not subsume the original judgment because that order did not modify the original judgment.

The Intervenors argue that their motion to intervene could be construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which is a time-tolling motion under Rule 4(a)(4)(A)(iv). But the Intervenors did not seek to alter or amend the judgment—they sought only to become parties to the action so they could appeal the judgment. Moreover, a motion to intervene is not a time-tolling motion in Rule 4(a)(4). *Taylor*, 680 F.3d at 617 n.10. The Intervenors alternatively suggest that we permit their appeal to proceed on equitable grounds, given that they have diligently pursued their right to appeal and Defendants have been on notice that they have never ceased their attempts to appeal the denial of class certification, despite their voluntary dismissal of their original appeal. But we lack the "authority to create equitable exceptions to jurisdictional requirements," *Bowles*, 551 U.S. at 214, and that power extends to reinstatement of the original appeal, *see Futernick v. Sumpter Township*, 207 F.3d 305, 311 (6th Cir. 2000).

The motion to dismiss is **GRANTED**.

**STRANCH**, **Circuit Judge**, dissenting. This order concerns a motion to dismiss an appeal of a denial of class certification for lack of jurisdiction. Defendant Baptist Memorial Healthcare ("Baptist Memorial") asserts that Plaintiffs Keith Ivy and Elizabeth Mason ("the Intervenors"), putative class members who were recently granted leave to intervene by the district court for the purpose of appealing the denial of class certification, previously voluntarily dismissed their appeal on this claim (appeal No. 13-6298). Baptist Memorial argues that the current appeal of the denial of class certification is therefore barred.

The majority recommends granting the motion to dismiss on the basis that the court cannot equitably toll the time to appeal or construe the motions to intervene as a time-tolling motion, despite the fact that Ivy and Mason have continuously sought intervention since the district court's judgment denying class certification was entered *and* the district court granted

their motion to intervene for the express purpose of appealing the denial of class certification. I disagree with this conclusion and would deny the motion to dismiss.

This case has a very complicated procedural history, to say the least. This motion centers on the relationship between three appeals that the Intervenors have filed over the past three years: No. 13-6298 (the initial appeal on the denial of class certification, made before intervention was granted), No. 14-5906 (the second appeal on the denial of the motion to intervene and the denial of class certification), and No. 16-5493 (the present appeal on the denial of class certification, after intervention was granted by the district court upon remand from 14-5906).

In an effort to protect their rights, the Intervenors initially moved to intervene permissibly and as a matter of right within thirty days of the district court's final judgment.[1] Separately, and also within thirty days of the original judgment, the Intervenors appealed the denial of the class certification (No. 13-6298). The district court denied their motions to intervene because appeal No. 13-6298 divested it of jurisdiction. Subsequently, we remanded No. 13-6298 to the district court to decide on the motion to intervene. The district court once again denied the motion to intervene, this time for untimeliness. The Intervenors then appealed both the denial of the motion to intervene and the denial of the class certification (No. 14-5906).

At this point, both appeal Nos. 13-6298 and 14-5906, each of which concerned the denial of motions to intervene *and* the denial of class certification, were pending before this court. Ostensibly because the appeals were duplicative, on August 6, 2014 the Office of Circuit Mediators instructed the Intervenors to file a stipulation to dismiss No. 13-6296 within a week or

---

[1] The district court denied class certification in 2009. The original plaintiffs in the case settled their claims separately, and final judgment was ordered in 2013.

their appeal could be dismissed for non-compliance. The Intervenors filed the stipulation to dismiss on August 20, 2014.

At the time the stipulation to dismiss was filed, the dual issues of the intervention and the denial of class certification were still before this court in Appeal No. 14-5906. On August 13, 2014, Baptist Memorial filed a motion to dismiss the Intervenors' appeal of the class certification issue from appeal No. 14-5906 because Ivy and Mason, not yet granted intervenors, lacked standing to appeal this issue. We agreed, dismissing the denial of the class certification portion of appeal No. 14-5906 for lack of jurisdiction because Ivy and Mason were not parties to the dispute. This order was issued on October 24, 2014.

We subsequently reversed the district court's denial of the motion to intervene based on the issue of timeliness, and remanded. The district court granted the motion to intervene. At this point, the Intervenors once again sought appeal of the denial of class certification—the present appeal, No. 16-5493. Baptist Memorial then filed the current motion to dismiss for lack of jurisdiction, asserting that the Intervenors had lost the right to appeal the issue based on their voluntary dismissal of 13-6298.

I agree with the Intervenors' view that to grant Baptist Memorial's motion to dismiss their appeal of the denial of class certification is not a fair result. Every previous decision from this court and the district court has recognized that the purpose of the motion to intervene was to appeal the denial of class certification. The Intervenors, moreover, only filed a voluntary dismissal of 13-6298 after the Office of Circuit Mediators instructed them to do so because it was duplicative of issues raised in 14-5906.

The majority relies in large part on *Roe v. Town of Highland*, 909 F.2d 1097, 1099-100 (7th Cir. 1990). Though some facts in *Roe* are similar to this case, there are notable exceptions.

In *Roe*, the would-be intervenor filed a motion to intervene on the same day that the putative class separately filed a notice of appeal of the denial of class certification, twenty nine days after the district court entered final judgment. *Id.* at 1098. When the district court did not rule on the motion to intervene, the would-be intervenor moved in the Seventh Circuit to intervene, where the motion was denied. *Id.* The class then moved to voluntarily dismiss the appeal on denial of certification in "apparent response to a rule [issued by the court] to show why the case ought not to be dismissed for failure to file an appellate brief." *Id.* at 1100. Moreover, the court noted that the intervenor "gave no indication that [he] intended to pursue the matter [of appealing the denial of class certification] in the district court." *Id.* "It was only through a response filed by the appellees after the order of dismissal had been rendered that this court became aware that the appellant desired to continue the litigation in the district court." *Id.* at 1100 n.3. This is distinct from the case at hand. Here, the original plaintiffs did not file an appeal of the denial of class certification, and moreover, the voluntary dismissal occurred because the appeal was duplicative of another appeal on the same issue, not because of a failure to file an appellate brief. Baptist Memorial was always on notice that the Intervenors sought to appeal the class certification issue.

The order also relies on *Taylor v. Key Corp.*, 680 F.3d 609, 617 (6th Cir. 2012), where this court cited *Roe* with approval for the proposition that a would-be intervenor must give the district court "sufficient opportunity to address the motion to intervene prior to the filing of the notice of appeal." In *Taylor*, a would-be intervenor appealed the denial of his motion to intervene in a case where the original plaintiff had filed a notice of appeal. *Id.* The district court denied the motion to intervene on the basis that the plaintiff's notice of appeal terminated the underlying action, and thus the motion was untimely. *Id. Taylor* cited *Roe* with approval for the alternative avenues that a would-be intervenor could take in a case where a timely post-judgment

motion to intervene might not be resolved before a notice of appeal is due: (1) filing an emergency motion in the district court detailing the need for a ruling so that a timely appeal could be taken; or (2) the district court could enlarge the time for filing an appeal under Federal Rule of Appellate Procedure 4(a)(5). *Id.* (citing *Roe*, 909 F.2d at 1099)

There are multiple reasons why *Taylor* does not apply to the instant case. First, the *Taylor* court did not reach the particular issue of whether an intervenor would be foreclosed from appealing the denial of a class certification because she voluntarily dismissed her timely appeal from the judgment. *Taylor* merely cited *Roe* with approval for its suggestions as to the alternative routes a would-be intervenor could take to resolve a motion to intervene in a timely fashion. The court's decision also omitted *Roe*'s mention of a third alternative:

> Finally, if the motion to intervene has not been acted upon within the time to appeal, the putative class member should nonetheless file a timely notice of appeal. Although the filing of the notice would deprive the district court of power to act on the motion to intervene, "the cause may be remanded for that purpose."

909 F.2d at 1099-1100 (citations omitted). This is precisely what Ivy and Mason did, as another panel of this court noted in denying Baptist Memorial's motion to dismiss 13-6928 for lack of jurisdiction. *See Clarke et al. v. Baptist Memorial Healthcare, et al.*, No. 13-6928 (6th Cir. filed Feb. 6, 2014) (stating that "Ivy followed our suggested avenues for relief in the district court" by filing a timely notice of appeal, which the circuit court could remand for the purpose of ruling on the motion to intervene) (citing *Roe*, 909 F.2d at 1099-1100). Our opinion in an earlier look at this case even suggested a different outcome: "We held that, because [Ivy and Mason] never became parties to the case, we lack jurisdiction to review any decision except the denial of intervention." *See Clarke v. Baptist Mem'l Healthcare Corp.*, 641 F. App'x 520, 522 (6th Cir. 2016).

Simply given the factual dissimilarities between *Roe* and *Taylor* and this appeal, where the original plaintiffs never appealed and where 13-6298 was dismissed as duplicative, these cases are weak support for granting Baptist Memorial's motion to dismiss. I would not dismiss the appeal based on *Roe*, where this court has not clearly spoken on the issue and where our precedent supports reaching a different conclusion than in the Seventh Circuit's decision.

I would deny the motion to dismiss on the basis of Federal Rule of Appellate Procedure 4(a)(4)(A)(iv), which tolls the 30-day appeal window until the district court disposes of a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). Although a motion to intervene is not itself a time-tolling motion under FRAP (4)(a), *see Taylor*, 680 F.3d at 617 n.10, that is not how Intervenors seek to apply the rule here. The Intervenor's brief notes cases where the Sixth Circuit has applied the tolling provision to motions that would require altering or amending the judgment regardless of whether such motions were styled as Rule 59(e) motions or explicitly requested a revised judgment. *See, e.g., Inge v. Rock Financial Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002) (construing a Rule 15 motion for leave to file an amended complaint as a motion to alter or amend the order dismissing her prior complaint because, "[h]ad the district court granted [the] motion . . . it would have had to set aside and vacate its dismissal order"); *Brown v. Local 58, International Brotherhood of Electrical Workers*, 76 F.3d 762, 768-69 (6th Cir. 1996) (construing a motion seeking "vacation of dismissal order" as a Rule 59(e) motion despite the motion neither mentioning Rule 59 nor requesting a separately-entered judgment); *see also Quartana v. Utterback*, 789 F.2d 1297, 1300-01 (8th Cir. 1986) ("Any motion that draws into question the correctness of the judgment is functionally a motion under Civil Rule 59(e), whatever its label.").

The majority cites *Bowles v. Russell*, 551 U.S. 205, 214 (2007), for its statement that courts lack "authority to create equitable exceptions to jurisdictional requirements." That is not what the Intervenors seek to do in this case. Here, the Intervenors properly filed a notice of appeal within the statutory time limit. The appeal was flagged for dismissal because it was duplicative of a subsequent appeal encompassing the same issue. All subsequent decisions have acknowledged the underlying issue for which the Intervenors sought to enter as parties to the case, and that motion to intervene was ultimately granted for the purpose of the appeal.

The Intervenors have clearly attempted to appeal the denial of the class certification at every step of their involvement in the case. Their motions to intervene sought to alter the district court's judgment by reviving the action to initiate a denial of the class certification—and if their appeal on this issue succeeds, the result will vacate the judgment below so that the district court can in fact determine "whether substitute class representatives can cure the defects it identified with the original named plaintiffs." (Appellant's Br. at 12) I would therefore construe their motion as a motion to alter or amend the judgment for the purpose of tolling the deadline under FRAP 4(a)(1)(A).

This result is consistent with the purpose of the Federal Rules of Appellate Procedure on appeals as of right, as well as principles of judicial efficiency. As discussed above, Baptist Memorial has long been on notice of the Intervenor's intentions in this case. No. 13-6296 was apparently dismissed because the Circuit Clerk's office realized that it was duplicative of issues raised in No. 14-5906 that were also before this court at the time. To conclude that the Intervenors may not have their denial of class certification appeal heard after both this court and the district court expended much energy determining whether they could properly intervene for

No. 16-5493
-10-

expressly this purpose is counterintuitive and renders the efforts of both courts a waste of judicial resources. I therefore respectfully dissent.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk